IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

          v.

PATSY WEATHERLY, PAMELA
WEATHERLY, and TODD DELANO
WEATHERLY,

          Defendants.

_____)

Case No.

## COMPLAINT

1.  The United States of America, by and through undersigned counsel, brings this suit to (1) reduce to judgment civil penalties assessed against Patsy Weatherly for her willful failure to timely report her financial interest in a foreign bank account, plus accrued interest and late payment penalties, and (2) secure money judgments against Patsy Weatherly's two children, Pamela Weatherly and Todd Delano Weatherly, for fraudulent transfers they received from Patsy Weatherly. The United States submits the following allegations in support of this Complaint.

### JURISDICTION AND VENUE

2.  A delegate of the Secretary of the Treasury of the United States referred this case to the Department of Justice in accordance with 31 U.S.C. § 3711(g)(4)(C) and 26 U.S.C § 7401. This action is brought at the direction of the Attorney General of the United States.

3.  The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 and 26 U.S.C. § 7402 because it arises under a federal statute, the United States is the plaintiff, the

action seeks recovery or enforcement of a civil penalty, and the judgments and decrees sought are necessary and appropriate for the enforcement of the internal revenue laws.

4.   Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this suit occurred in this district; Patsy Weatherly's last known address is in Orange Park, Florida; Pamela Weatherly resides in Fleming Island, Florida; and Todd Weatherly resides in Orange Park, Florida.

## PARTIES

5.   Patsy Weatherly ("Patsy") invested millions of dollars in a foreign bank account that she kept secret from the United States government. Patsy is now indebted to the United States for a civil penalty assessed for her willful failure to disclose that foreign account as well as unpaid federal income taxes, plus associated penalties and interest. Patsy has undermined the United States' efforts to collect her liabilities by transferring her assets to her two adult children.

6.   Patsy's last known address is in Orange Park, Florida. It is unclear where she currently resides. The Internal Revenue Service ("IRS") sent correspondence to addresses in Florida and Oregon associated with Patsy that were returned undeliverable. Patsy did not cooperate with the IRS during its examination of her. She refused—through her representative—to appear for an interview. Patsy's representative told the IRS that he did not know her whereabouts. Travel records indicate Patsy may have left the country.

7.   Pamela Weatherly ("Pamela") is Patsy's daughter. Pamela resides in Fleming Island, Florida. Pamela was a beneficial owner and authorized depositor of Patsy's foreign bank account. Patsy transferred her assets to Pamela after Patsy had incurred significant liabilities to the United States.

8.   Todd Delano Weatherly ("Todd") is Patsy's son. Todd resides in Orange Park, Florida. Todd was a beneficial owner and authorized depositor of Patsy's foreign bank account. Patsy transferred her assets to Todd after she had incurred significant liabilities to the United States.

**COUNT I – REDUCE TO JUDGMENT CIVIL PENALTIES ASSESSED AGAINST PATSY WEATHERLY FOR HER WILLFUL FAILURE TO TIMELY REPORT HER INTEREST IN A FOREIGN ACCOUNT (AGAINST PATSY WEATHERLY)**

9.   The United States incorporates the preceding paragraphs by reference.

**Obligation to Report Interest in Foreign Accounts**

10. Federal law requires every resident or citizen of the United States who has "a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country" to report that relationship to the Department of the Treasury annually. 31 C.F.R. § 1010.350(a); 31 U.S.C. § 5314(a).

11. To fulfill this requirement, a person must file a Form TD-F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." 31 C.F.R. § 1010.350(a). At the time of the violations alleged in this complaint, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

12. Any person who fails to report his or her interest in a foreign account may be subject to a civil penalty assessed by the Department of the Treasury. For violations involving the willful failure to report the existence of a foreign account, the maximum civil penalty that may be assessed is the greater of $100,000 or 50 percent of the balance in the foreign account at the time of the violation. 31 U.S.C. § 5321(a)(5).

**Patsy Weatherly's Failure to Report Interest in a Foreign Account**

13. Patsy is a United States citizen.

14. From 2007 to 2009, Patsy had a financial interest in, beneficial interest in, control over, and signatory authority over a foreign bank account.

15. In November 2007, Patsy opened an account with Stanford International Bank (SIB), which is located in St. John's, Antigua.

16. Patsy executed the account's opening documents in Miami, Florida. She put the account in the name of a Panamanian corporation "Nature Trade, Inc." She listed herself and her two children as beneficial owners and authorized depositors.

17. Weatherly instructed SIB not to send correspondence regarding the account to her address in the United States.

18. Patsy's account was comprised of an express account and over 70 certificate of deposit (CD) accounts. Funds were deposited into the express account and then transferred to the various CD accounts.

19. Patsy made deposits to and withdrawals from her account. For instance, in March 2008, she instructed SIB to liquidate six CD accounts and forward their proceeds, totaling $250,000, to an account in Taiwan. Patsy held a credit card on the SIB account in the name of Nature Trade which she used for personal expenses. She asked SIB to increase the card's limit from $25,000 to $50,000 in a letter dated May 27, 2008.

20. During the 2008 year, Patsy's aggregate account balance exceeded $10,000. It totaled $3,654,840.40 as of December 31, 2008.

21. Patsy did not timely report her interest in or control over the foreign account for the duration of its existence.

22. An accountant prepared Patsy's federal income tax returns for 2007 and 2008. Patsy did not tell him about the foreign account. As a result, Patsy's 2007 and 2008 tax returns erroneously failed to report that she had a foreign account.

23. Patsy's accountant marked "no" in response to the IRS Form Schedule B's prompt asking whether Patsy had an interest in or authority over a foreign account at any time during 2008. Patsy signed her 2008 federal income tax return—which contained this false representation—under penalty of perjury, certifying its contents were true and correct.

24. Patsy was required to file an FBAR reporting her interest in the foreign account for the 2008 calendar year by June 30, 2009.

25. Patsy failed to timely file an FBAR for the 2008 calendar year. She did not otherwise timely disclose her interest in the account to the Department of the Treasury.

26. Patsy's actions—including, but not limited to, her effort to disguise her control of the account by putting it in the name of a nominee foreign entity, her instruction to SIB to refrain from mailing correspondence to her U.S. address, her failure to disclose the account to her accountant for the preparation of her 2008 tax return, and her submission of a tax return that falsely indicated she had no foreign account—indicate willfulness in her failure to timely report her financial interest in the foreign account.

27. Patsy's SIB account was frozen in or around early 2009 as a result of the government's investigation and prosecution of SIB's chairman, R. Allen Stanford. Stanford was ultimately convicted of misappropriating SIB's funds and operating what is commonly referred to as a "Ponzi scheme."

/ / /

/ / /

**Civil Penalty Assessed Against Patsy Weatherly**

28. On July 12, 2017, a delegate of the Secretary of the Treasury assessed $1,827,420.20 in civil penalties against Patsy Weatherly, pursuant to 31 U.S.C. § 5321(a)(5), for willfully failing to timely file an FBAR for the 2008 calendar year.

29. Ordinarily the United States has six years after the date of violation to assess an FBAR penalty. 31 U.S.C. § 5321(b)(1). Patsy consented to the extension of this time on three separate occasions: first until June 30, 2016; then until December 31, 2016; and, finally, until December 31, 2017. The FBAR penalty was timely assessed within this extended statute of limitations.

30. The assessed penalty was $1,827,420.20, which equals 50 percent of the foreign account balance ($3,654,840.40) as of December 31, 2008.

31. The foreign account balance referenced in the paragraph above included interest that Patsy may not have been able to access in light of Stanford's scheme. As such, the United States concedes the portion of the assessed penalty that was based on interest income. Considering only Patsy's deposits and withdrawals, and not interest, her account had a balance of $3,381,105 as of December 31, 2008. Fifty percent of that balance is $1,690,552.00.

32. The Service gave Patsy notice of the civil penalty's assessment and demanded payment thereof.

33. Despite notice and demand for payment, Patsy has failed to pay the civil penalties assessed against her.

34. As of May 1, 2019, Patsy Weatherly is liable to the United States for $1,902,496.27 which is comprised of the civil FBAR penalties (reduced to account for the United States' concession of the portion derived from interest income), interest, and penalties for late payment under 31 U.S.C. § 3717(e)(2). Interest and other additional amounts continue to accrue as provided by law.

**COUNT II –SET ASIDE FRAUDULENT TRANSFERS UNDER FLORIDA LAW
(AGAINST PAMELA WEATHERLY AND TODD DELANO WEATHERLY)**

35. The United States incorporates the preceding paragraphs by reference.

**Patsy Weatherly's 2008 Income Tax Liabilities**

36. Patsy filed her federal income tax return for the 2008 tax year on May 18, 2009. She had income in excess of $600,000.00 but claimed no tax was due.

37. The IRS audited Patsy's 2008 tax return and determined that she owed tax and a penalty.

38. On June 22, 2015, Patsy filed a petition in U.S. Tax Court challenging the audit determination.

39. On October 28, 2016, the U.S. Tax Court issued a decision finding a $199,215.00 deficiency in Patsy's income tax due for the 2008 tax year as well as a $39,843.00 penalty due.

40. The IRS assessed the tax and penalty against Patsy in line with the Tax Court decision.

41. With subsequent interest and penalties, Patsy's 2008 tax liability now totals more than $350,000.00.

**Fraudulent Transfers**

42. Patsy's 2008 income tax liability came into being on the date her federal income tax return was due: October 15, 2009.

43. The United States' claim for Patsy's FBAR liability, discussed in Count I above, accrued on the date Patsy's 2008 FBAR form was due: June 30, 2009.

44. After accruing these debts to the United States, Patsy transferred substantial assets to her two children, Todd and Pamela.

45. In January 2013, Patsy gave $100,000.00 to Todd.

46. In January 2013, Patsy gave $8,791.00 to Pamela.

47. In February 2013, Patsy gave $65,666.00 to Todd.

7

48. In February 2013, Patsy gave $104,962.10 to Pamela.

49. In September 2013, the IRS sent notice to Patsy that it had selected her 2008 tax return for audit.

50. Patsy initiated the sale of certain real property located on Pine Avenue in Fleming Island, Florida. In October 2013, Patsy signed a document identifying herself as the property's sole owner and seller. At some later point, Patsy disassociated herself from the sale. The listed sellers became Todd, as Trustee of the Patsy M. Weatherly Revocable Trust, and Pamela in her individual capacity. Neither Todd nor Pamela paid consideration for their purported interests in the property. The sale went through in July 2014. Todd and Pamela shared the sale proceeds, receiving $226,596.16 and $226,596.15 respectively.

51. In January 2014, Patsy signed a form extending the time for the IRS to assess income tax against her.

52. In January 2014, Patsy transferred certain real property located on River Road in Orange Park, Florida into the name of the Patsy M. Weatherly Revocable Trust, which she created around the same time. In February 2014, the Trust sold that property for $400,000.00 and gave the net proceeds ($394,251.90) to Patsy. Patsy, in turn, gave $394,000.00 to Todd in March 2014.

53. In February 2014, Patsy gave $73,000.00 to Todd.

54. In total, Patsy transferred over $1.1 million to her children between January 2013 and July 2014: $340,349.25 to Pamela and $859,262.16 to Todd.

55. Considering only transfers made within the last 6 years, Patsy transferred $920,192.31 to her children: $226,596.15 to Pamela and $693,596.16 to Todd.

56. The United States first learned of the transfers listed above in the fall of 2017. Patsy prevented the United States from discovering the transfers sooner—or discovering the existence

of other assets—by, among other things, concealing her transfers of real properties by placing them in the name of the Trust and failing to cooperate with the IRS during its examination.

57. The transfers described in paragraphs 45 through 55 above were fraudulent as to the United States under Fla. Stat. Ann. § 726.106 because:

    a.  The transfers occurred after Patsy's federal income tax liability arose.

    b.  The transfers occurred after Patsy was in violation of 31 U.S.C. § 5314(a), which gave rise to the United States' claim against her for failing to timely report her interest in a foreign bank account.

    c.  Patsy did not receive reasonably equivalent value in exchange for the transfers.

    d.  On information and belief, Patsy was insolvent at the time the transfers were made or became insolvent as a result of the transfers.

    e.  The transfers were made to insiders: Patsy's children, Pamela and Todd.

    f.  Pamela and Todd were aware of Patsy's financial dealings. Both worked for the family business. Both knew of—and indeed were able to access—Patsy's foreign account. Both shared access to Patsy's domestic bank account. On information and belief, by virtue of their entangled finances, Pamela and Todd had reasonable cause to believe Patsy's transfers rendered her insolvent.

58. The transfers described in paragraphs 45 through 55 above were fraudulent as to the United States under Fla. Stat. Ann. § 726.105 as evidenced by the factors set forth in the preceding paragraph, as well as the following:

    a.  The transfers were made with the actual intent to hinder, delay, or defraud Patsy's creditor, the United States.

    b.  Patsy's actual intent is evidenced by the following non-exhaustive list of factors:

     i.   The transfers were made to insiders: Patsy's children.

    ii.   Patsy concealed assets and their transfers. Namely, Patsy attempted to conceal her ownership and sale of certain real properties by placing them in the name of a Trust and her children for no consideration.

   iii.   On information and belief, Patsy transferred a substantial portion of her assets.

   iv.   Patsy may have absconded to an undisclosed location. Despite ample effort, the IRS has been unable to locate her.

    v.   Patsy did not receive a reasonably equivalent value in exchange for the transfers.

   vi.   On information and belief, Patsy was insolvent or became insolvent shortly after making the transfers.

  vii.   The transfers occurred after Patsy had incurred substantial debts to the United States.

 viii.   Some of the transfers occurred while Patsy was being audited by the IRS.

c.   Patsy did not receive reasonably equivalent value in exchange for the transfers.

d.   Patsy was undergoing an IRS audit when she made some of the transfers.

e.   On information and belief, after the transfers, Patsy's remaining assets were unreasonably small in relation to her debts to the United States.

f.   On information and belief, Patsy believed or reasonably should have believed that she would not be able to pay her debts to the United States as they became due because of the transfers.

59. Patsy's fraudulent transfers are void as to the United States under Florida law. As a result, Todd and Pamela are personally liable to the United States for the amounts received to the extent they are equal to or less than Patsy's debt to the United States.

### COUNT III: SET ASIDE FRAUDULENT TRANSFERS UNDER FEDERAL DEBT COLLECTION PROCEDURE ACT (AGAINST PAMELA WEATHERLY AND TODD DELANO WEATHERLY)

60. The United States incorporates the preceding paragraphs by reference.

61. The transfers described in paragraphs 45 through 55 above were fraudulent as to the United States under 28 U.S.C. § 3304(a)(1) as evidenced by the factors set forth in the preceding paragraphs as well as the following:

    a.   Patsy's debt to the United States for her 2008 tax liability arose before the transfers were made.

    b.   At the time of the transfers, Patsy was in violation of 31 U.S.C. § 5314(a), which gave rise to the United States' claim against her for failing to timely report her interest in a foreign bank account.

    c.   Patsy did not receive a reasonably equivalent value in exchange for the transfers.

    d.   On information and belief, Patsy was insolvent at the time of the transfers or became insolvent as a result of the transfers.

62. The United States' claim under Section 3304(a)(1) relates only to transfers made within the last 6 years (after July 2013). 28 U.S.C. § 3306(b)(2).

63. The transfers described in paragraphs 45 through 55 above were fraudulent as to the United States under 28 U.S.C. § 3304(b)(1)(A) as evidenced by the factors set forth in the preceding paragraphs as well as the following:

    a.  Patsy made the transfers with the actual intent to hinder, delay, or defraud the United States.

    b.  Patsy's actual intent is evidenced by the following non-exhaustive list of factors:

        i.  The transfers were made to insiders: Patsy's children.

        ii.  Patsy concealed assets and their transfers. Namely, Patsy attempted to conceal her ownership and sale of certain real properties by placing them in the name of a trust.

        iii.  On information and belief, Patsy transferred a substantial portion of her assets.

        iv.  Patsy may have absconded to an undisclosed location. Despite ample effort, the IRS has been unable to locate her.

        v.  Patsy did not receive a reasonably equivalent value in exchange for the transfers.

        vi.  On information and belief, Patsy was insolvent or became insolvent shortly after making the transfers.

        vii.  Some of the transfers occurred during an IRS audit.

        viii.  All of the transfers occurred after Patsy had incurred substantial debts to the United States.

64. The transfers described in paragraphs 45 through 55 above were fraudulent as to the United States under 28 U.S.C. § 3304(b)(1)(B) as evidenced by the factors set forth in the preceding paragraphs as well as the following:

    a.  Patsy did not receive a reasonably equivalent value in exchange for the transfers.

    b.   On information and belief, Patsy's remaining assets were unreasonably small in relation to her debts to the United States.

    c.   On information and belief, Patsy had incurred, intended to incur, or believed or reasonably should have believed that she would incur debts beyond her ability to pay as they became due.

65. The United States' claim under Section 3304(b)(1)(B) relates only to transfers made within the last 6 years (after July 2013). 28 U.S.C. § 3306(b)(2).

66. Patsy's fraudulent transfers are void as to the United States under federal law. As a result, Todd and Pamela are personally liable to the United States for the amounts received to the extent they are equal to or less than Patsy's debt to the United States.

WHEREFORE, the United States of America requests that the Court:

A.  Enter judgment against Patsy Weatherly and in favor of the United States in the amount of $1,902,496.27 as of May 1, 2019 for the civil penalties assessed against her under 31 U.S.C. § 5321(a)(5), accrued interest on such penalties, late payment penalties, and associated fees, plus further interest and statutory additions thereon as allow by law from May 1, 2019 to the date of payment.

B.  Determine and adjudge that Patsy Weatherly was indebted to the United States when she transferred over $1.1 million to Pamela Weatherly and Todd Delano Weatherly;

C.  Declare that the transfers described in paragraphs 45 through 55 were fraudulent;

D.  Enter judgment against Pamela Weatherly and in favor of the United States in the amount of $340,349.25 under Fla. Stat. Ann. §§ 726.106 and/or 726.105, and/or 28 U.S.C. § 3304(b)(1)(A), plus pre-judgment interest from the time of the transfers until the date of judgment and post-judgment interest accruing thereafter;

E.   Alternatively, enter judgment against Pamela Weatherly and in favor of the United States in the amount of $226,596.15 under 28 U.S.C. §§ 3304(a)(1) and/or (b)(1)(B), plus pre-judgment interest from the time of the transfers until the date of judgment and post-judgment interest accruing thereafter;

F.   Enter judgment against Todd Delano Weatherly and in favor of the United States in the amount of $859,262.16 under Fla. Stat. Ann. §§ 726.106 and/or 726.105, and/or 28 U.S.C. § 3304(b)(1)(A), plus pre-judgment interest from the time of the transfers until the date of judgment and post-judgment interest accruing thereafter;

G.   Alternatively, enter judgment against Todd Delano Weatherly and in favor of the United States in the amount of $693,596.16 under 28 U.S.C. §§ 3304(a)(1) and/or (b)(1)(B), plus pre-judgment interest from the time of the transfers until the date of judgment and post-judgment interest accruing thereafter;

H.   Award the United States its costs incurred in connection with this action, along with such other relief as justice requires.

<div style="margin-left: 40%;">

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Kari A.R. Powell*
KARI A.R. POWELL
*/s/ Margaret S. Sholian*
MARGARET S. SHOLIAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-514-6068 (v) (Powell)
202-514-5900 (v) (Sholian)
202-514-4963 (f)
Kari.Powell@usdoj.gov
Margaret.S.Sholian@usdoj.gov

</div>

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | PATSY WEATHERLY, PAMELA WEATHERLY, and TODD DELANO WEATHERLY |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Clay County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kari Powell, U.S. Department of Justice, Tax Division
Ben Franklin Station, P.O. Box 14198, Washington, D.C. 20044
(202) 514-6068, kari.powell@usdoj.gov

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government Plaintiff

☐ 3   Federal Question
     *(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☒ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. 5314, 28 U.S.C. 3304
Brief description of cause:
Failure to report interest in foreign bank account and fraudulent transfer

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
1,902,496.27

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
07/05/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Kari A.R. Powell

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   Nature of Suit.  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| PATSY WEATHERLY, PAMELA WEATHERLY, and | ) |
| TODD DELANO WEATHERLY | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Patsy Weatherly
680 Cherry Grove Road
Orange Park, Florida 32073


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Kari Powell
U.S Department of Justice, Tax Division
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. |
| PATSY WEATHERLY, PAMELA WEATHERLY, and TODD DELANO WEATHERLY | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Pamela Weatherly
6843 Old Church Road
Fleming Island, Florida 32003

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Kari Powell
U.S Department of Justice, Tax Division
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )     Civil Action No. |
| | ) |
| PATSY WEATHERLY, PAMELA WEATHERLY, and | ) |
| TODD DELANO WEATHERLY | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Todd Weatherly
939 Anna Ave.
Orange Park, FL 32073

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Kari Powell
U.S Department of Justice, Tax Division
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____           _____
                                        *Server's signature*

                                _____
                                        *Printed name and title*


                                _____
                                        *Server's address*

Additional information regarding attempted service, etc: