## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

     Plaintiff,

v.                               Case No. 3:19-cv-802-J-32JRK

PATSY WEATHERLY, PAMELA
WEATHERLY, and TODD
DELANO WEATHERLY,

     Defendants.

_____

## O R D E R

This civil judgment and fraudulent transfer case is before the Court on Defendants Todd Weatherly and Pam Weatherly's Motion to Dismiss (Doc. 30). The United States responded in opposition. (Doc. 33).

### I. BACKGROUND

The United States seeks to reduce to judgment a civil penalty imposed against Defendant Patsy Weatherly and set aside allegedly fraudulent transfers Patsy made to her children Todd and Pamela. (Doc. 1). The United States alleges that Patsy unlawfully underreported her 2008 taxes and failed to disclose her more than $3 million in a foreign bank account. Id. ¶¶ 20–25, 36–41. In the six years preceding this action, Patsy allegedly transferred almost

$1 million to Todd and Pamela—transfers the United States alleges were made to avoid paying her debts to the United States. Id. ¶¶ 55–59, 61–66.

The Complaint asserts three claims: a reduction to judgment of civil penalties assessed against Patsy for her willful failure to timely report her interest in a foreign account (Count I); a set aside of the allegedly fraudulent transfers to Todd and Pamela under Florida law (Count II); and a set aside of the allegedly fraudulent transfers to Todd and Pamela under federal law (Count III). (Doc. 1). Todd and Pamela have moved to dismiss all three counts, (Doc. 30), and Patsy Answered the Complaint, (Doc. 41).

**II. DISCUSSION**

**A. Count I**

Count I alleges that in 2007 and 2008 Patsy maintained a foreign bank account with more than $3 million that she unlawfully did not report to the Department of the Treasury—a report referred to as an FBAR. (Doc. 1 ¶¶ 10–21). On July 12, 2017, the Treasury assessed a civil penalty of $1,827,420.20 against Patsy for willfully failing to file her required 2008 FBAR. Id. ¶ 28. As of May 1, 2019, after additional interest, penalties, and setoffs, Patsy owed $1,902,496.27. Id. ¶ 34. The United States asks the Court to enter judgment against Patsy in the amount of $1,902,496.27 plus interest and penalties that have accrued since May 1, 2019. Id. at 13.

Todd and Pamela raise several arguments as to why Count I should be dismissed. (Doc. 30 at 9–11). Although, Count I does not assert a claim against Todd or Pamela, they contend that Counts II and III cannot proceed without Count I. However, Todd and Pamela cannot move to dismiss a claim not against them, and Counts II and III can proceed even in the absence of Count I.

Generally, parties do not have standing to move to dismiss claims not asserted against them. See, e.g., Bd. of Managers of Trump Tower at City Ctr. Condo. by Neiditch v. Palazzolo, 346 F. Supp. 3d 432, 463 n.4 (S.D.N.Y. 2018) ("Defendants do not have standing to move to dismiss the substantive claims not actually asserted against them."); Walker v. Three Angels Broad. Network, Inc., No. 12-CV-114-DRH-SCW, 2012 WL 4088844, at *3 (S.D. Ill. Sept. 17, 2012) (same, compiling cases); Chabad Lubavitch of Litchfield Cty. Inc. v. Borough of Litchfield, 3:09-CV-1419JCH, 2010 WL 1882308, at *3 (D. Conn. May 10, 2010) ("Rule 8(b)(1) . . . states that, in responding to a pleading, a party must state 'its defenses to each claim asserted against it.' . . . . Thus, it follows that a party may only file a Rule 12(b) motion presenting a defense to claims asserted against it." (citations and footnotes omitted)). Patsy did not move to dismiss the claim against her. See Doc. 41. The Court declines to address Todd and Pamela's arguments regarding Count I.[1]

---

[1] Todd and Pamela request the Court to take judicial notice of "facts set forth in the allegations of fact" in the Second Amended Complaint from SEC v.

Moreover, Count I is not required for the United States to bring Counts II and III. First, Counts II and III alleged that Patsy sought to avoid not only her FBAR penalty in Count I, but also her 2008 tax liability. (Doc. 1 ¶¶ 36–44). Second, the United States need not reduce the FBAR penalty to a judgment before seeking to set aside allegedly fraudulent transfers. See 28 U.S.C. § 3001(a) (explaining that the Federal Debt Collection Procedure Act provides procedures "to obtain, before judgment on a claim for a debt, a remedy in connection with such claim."); id. § 3002(3) (defining "debt" as "an amount that is owing to the United States on account of a fee, . . . fine, assessment, penalty, . . . interest, [or] tax . . . ."); id. § 3301 (defining "claim" as "a right to payment, whether or not the right is reduced to judgment . . . [or] disputed . . . ."). Because the United States can bring Counts II and III independent of Count I, any alleged deficiency in Count I does not implicate Counts II and III.

## B. Counts II and III

Count II alleges that the United States is entitled to a "set aside" of Patsy's transfers to Todd and Pamela under Florida's Uniform Fraudulent

---

Stanford International Bank, LTD., No. 3:09-cv-0298-N (N.D. Tex June 19, 2009). (Doc. 30 at 7); (Doc. 30-1). Additionally, they request the Court take judicial notice of a definition on Form TD F 90-22.1 – Report of Foreign Bank and Financial Accounts. (Doc. 30 at 8); (Doc. 30-2). Although, the Court is dubious that judicial notice in these circumstances is proper, it need not notice these "facts" here because they are only mentioned in Todd and Pamela's arguments relating to Count I.

Transfer Act ("FUFTA"). (Doc. 1 ¶¶ 36–59). Count III also seeks a set aside of the allegedly fraudulent transfers under Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3301, et seq. Id. ¶¶ 61–66. The FDCPA and FUFTA, §§ 726.101, et seq., similarly provide creditors with means to avoid debtors' fraudulent transfers to third parties. See 28 U.S.C. § 3304 (2018); §§ 726.105–726.106, Fla. Stat. (2019).

### 1. Florida's statute of limitations do not apply against the United States.

Todd and Pamela argue that FUFTA's four-year statute of limitations precludes recovery under Count II. (Doc. 30 at 11). Although a statute of limitations defense is most appropriately raised at summary judgment, see La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004), the Court can nonetheless decide this issue here because Florida's statute of limitations cannot bind the United States, United States v. Summerlin, 310 U.S. 414, 416 (1940). "It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights." Id.; see also United States v. S. Capital Constr., Inc., No. 8:16-CV-705 T-24 JSS, 2016 WL 11028255, at *3 (M.D. Fla. Sept. 7, 2016) (holding that Florida Statute § 726.110 is not enforceable against the United States in its action to recover

funds under FUFTA). Accordingly, Todd and Pamela's motion is denied as to this argument.[2]

### 2. FUFTA and FDCPA contemplate both pre- and post-obligation transfers.

Todd and Pamela also appear to be asserting that the United States cannot recover against them under Counts II and III because Patsy transferred the money and property to them before her tax liabilities were established. (Doc. 30 at 12). The United States responds that tax liabilities are accrued when due to the IRS. (Doc. 33 at 9–10). Todd and Pamela's arguments are unavailing.

First, FUFTA specifically contemplates recovery of fraudulent transfers made before and after an obligation to a creditor occurs. Section 726.105(1) states: "A transfer made . . . by a debtor is fraudulent as to a creditor, <u>whether the creditor's claim arose before or after the transfer was made</u>" if the transfer was made with the intent to hinder, delay, or defraud a creditor or it made the debtor insolvent. § 726.105(1), Fla. Stat. (emphasis added). Thus, even if Patsy's obligations to the United States accrued after her transfers to her children, the United States can still pursue an action to avoid those transfers under FUFTA. Similarly, under the FDCPA, 28 U.S.C. § 3304(b)(1) allows the United States to recover transfers made before the debt to the United States arises if the

---

[2] At this stage of the case, the Court need not determine which statute of limitation applies to the FUFTA claims.

transfers were made to "hinder, delay, or defraud" the United States or rendered the debtor insolvent. § 3304(b)(1)(A).

Second, the United States correctly alleges that Patsy's liabilities to it accrued before Patsy made any of the allegedly fraudulent transfers to Todd or Pamela. (Doc. 1 ¶¶ 42–44). "Regardless of when federal taxes are actually assessed, taxes are considered as due and owing, and constitute a liability, as of date the tax return for the particular period is required to be filed." United States v. Ressler, 433 F. Supp. 459, 463 (S.D. Fla. 1977), aff'd, 576 F.2d 650 (5th Cir. 1978). This rule applies similarly to FBAR penalties. See United States v. Park, 389 F. Supp. 3d 561, 574–75 (N.D. Ill. 2019) (agreeing with the government that a "claim for FBAR liability accrue[s] not on the date of the assessment but on . . . the date [the] FBAR form was due."). Thus, Patsy's alleged liabilities to the United States arose before her alleged fraudulent transfers; Todd and Pamela motion to dismiss is denied on this ground.

### 3. The Government has alleged that Todd and Pamela are not good faith transferees under FUFTA.

Todd and Pamela argue that the complaint fails to plead that they are not good faith transferees. (Doc. 30 at 14–15). First, a plaintiff is not required to negate an affirmative defense in its complaint. La Grasta, 358 F.3d at 845. Second, the Complaint sufficiently alleges that Todd and Pamela are not good faith transferees. To be a good faith transferee, the party must have taken the

transfer in good faith and for a reasonably equivalent value. 28 U.S.C. § 3307(a); § 726.109(1), Fla. Stat. The United States alleges that "Patsy did not receive reasonably equivalent value in exchange for the transfers." (Doc. 1 ¶ 58.c.). Moreover, the United States does not allege that Todd or Pamela gave Patsy anything in return for the money and property she transferred to them. Id. ¶¶ 45–55. The reasonable inference in favor of the United States is that Patsy made the transfers without receiving anything of value in return. Defendants will have to put forth evidence at later stages of the proceeding if they want to prove their affirmative defense that they were good faith transferees.

### C. Shotgun Pleading

Although Counts I through III state plausible claims for relief, there is one error not raised by Defendants that the Court cannot ignore—the Complaint is an impermissible "shotgun pleading." See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The most common type[ of a shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants

suffer, and society loses confidence in the court's ability to administer justice."

Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 367 (11th

Cir. 1996). Because the Complaint is a shotgun pleading, (Doc. 1 ¶¶ 9, 35, 60),

the United States must file an Amended Complaint.

Accordingly, it is hereby

**ORDERED:**

1. Defendants Todd Weatherly and Pam Weatherly's Motion to Dismiss

(Doc. 30) is **DENIED**.

2. The Court sua sponte **DISMISSES** the Complaint.

3. Not later than **June 12, 2020**, the United States shall file an Amended

Complaint wherein each count does not incorporate all preceding counts. The

United States should only incorporate in each count the factual and legal

allegations necessary to that count.

4. Not later than **July 2, 2020**, Defendants shall answer the Amended

Complaint unless the Amended Complaint, read in light of this order, provides

a good faith basis to move to dismiss it.

**DONE AND ORDERED** in Jacksonville, Florida this 19th day of May, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

jjb
Copies to:

Counsel of record

10